## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re: Terry Joe Vroman

Case No. 14-01266

Chapter 7

Hon. Jeffrey R. Hughes

     Debtor.

_____/

Hillsdale County National Bank

     Plaintiff,

A.P. Case No. 14-80129

v.

Terry Joe Vroman

     Defendant.

_____/

## RESPONSE TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)(2)(A)

NOW COMES Defendant, Terry Joe Vroman, by and through his attorneys, Herdt Law, PLLC, who hereby responds to Plaintiff's Complaint as follows:

1. Defendant admits the allegation in paragraph number one.

2. Defendant admits the allegations in paragraph number two.

3. Defendant admits the allegations in paragraph number three.

4. Defendant admits the allegation in paragraph number four.

5. Defendant admits the allegation in paragraph number five.

6. Defendant admits the allegations in paragraph number six.

7. Defendant admits the allegations in paragraph number seven.

8. Defendant admits the allegations in paragraph number eight.

9. Defendant admits the allegations in paragraph number nine.

10. Defendant admits the allegations in paragraph number ten.

11. Defendant admits the allegations in paragraph number eleven.

12. Defendant admits that he made certain representations to Plaintiff regarding his intent to use the loan proceeds to fund various start-up costs in relation to opening his business.  Defendant denies that he made any specific representations regarding the purchase of golf simulation hardware and/or software prior to the extension of credit.  Defendant admits that he presented Plaintiff with an invoice from About Golf and that said invoice shows a cost of $73,000.00 for two golf simulators.  Defendant further states that this invoice was provided to Plaintiff on or after March 19, 2013 – subsequent to the extension of credit.

13. Defendant lacks knowledge sufficient to form a belief with regards to the allegations in paragraph number thirteen and leaves Plaintiff to its proofs.

14. Defendant lacks knowledge sufficient to form a belief with regards to the allegations in paragraph number fourteen and leaves Plaintiff to its proofs.

15. Defendant denies the allegations in paragraph number fifteen as untrue.

16. Defendant incorporates by reference paragraphs 1 through 15 above.

17. Defendant denies the allegations in paragraph number seventeen as untrue.

18. Defendant denies the allegations in paragraph number eighteen as untrue.

19. Defendant denies the allegations in paragraph number nineteen as untrue.

20. Defendant denies the allegations in paragraph number twenty as untrue.

21. Defendant lacks knowledge sufficient to form a belief with regards to the allegations in paragraph number twenty-one and leaves Plaintiff to its proofs.

22. Defendant lacks knowledge sufficient to form a belief with regards to the allegations in paragraph number twenty-two and leaves Plaintiff to its proofs.

23. Defendant denies the allegations in paragraph number twenty-three as untrue.

WHEREFORE Defendant requests that this Honorable Court dismiss the instant Complaint.

Respectfully Submitted,

/s/Nathaniel H. Herdt

Herdt Law, PLLC
310 Ferman
Milan, MI
(888) 395-9941
nathanielhherdtesq@gmail.com
P68144

dated: June 27, 2014

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re: Terry Joe Vroman                          Case No. 14-01266

                                                 Chapter 7

                                                 Hon. Jeffrey R. Hughes

      Debtor.

_____/

Hillsdale County National Bank

      Plaintiff,

                                                 A.P. Case No. 14-80129

v.

Terry Joe Vroman

      Defendant.

_____/

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, Terry Joe Vroman, by and through his counsel, Herdt Law, PLLC, who hereby state the following affirmative defenses to Plaintiff's Complaint:

1. Plaintiff has failed to state a claim upon which relief can be granted as the complaint does not allege all of the elements that Plantiff is required to prove beyond a preponderance of the evidence. Specifically, Plaintiff has not alleged that Plaintiff was justified in relying on any of the alleged misrepresentations of Defendant.

Respectfully Submitted,

/s/Nathaniel H. Herdt
Herdt Law, PLLC
310 Ferrman
Milan, MI
(888) 395-9941

nathanielhherdtesq@gmail.com
P68144

dated: June 27, 2014